# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| MARK DOUGLAS HAMIL | CIVIL ACTION NO. 13-2200-P |
| VERSUS | JUDGE HICKS |
| CHARLES REX SCOTT, ET AL. | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Mark Douglas Hamil ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on July 2, 2013. Plaintiff was detained at the Caddo Correctional Center in Shreveport, Louisiana, when he filed this action. Plaintiff names District Attorney Charles Rex Scott, Assistant District Attorney Gregory Scott Brady, Assistant District Attorney Amanda, and Judge John D. Mosely, Jr. as defendants.

Plaintiff claims that on June 30, 2011, he was arrested and charged with DWI, Fourth Offense. He claims District Attorney Charles Rex Scott and Assistant District Attorneys Brady and Amanda maliciously prosecuted him. He also claims he was not prosecuted within the two year limitation period.

Plaintiff claims Judge Mosely failed to comply with the Louisiana Second Circuit Court of Appeals January 3, 2013 order which ordered the trial court to produce his preliminary examination transcript and motion for dismissal. He claims Judge Mosely abused his discretion when he disregarded his due process rights and failed to respond as ordered by the Louisiana Second Circuit Court of Appeal.

Accordingly, Plaintiff seeks monetary compensation.

For the following reasons, Plaintiff's civil rights complaint should be dismissed.

## LAW AND ANALYSIS

**District Attorney Charles Rex Scott and Assistant District Attorneys Brady and Amanda**

Prosecutors have absolute immunity when acting in a quasi-judicial mode. Imbler v. Pachtman, 424 U.S. 409, 106 S.Ct. 984, 47 L.Ed.2d 128 (1976); Geter v. Fortenberry, 849 F.2d 1550 (5th Cir. 1988). The Fifth Circuit has repeatedly recognized the purpose of the immunity defense is to protect public officials from undue interference with their duties and from disabling threats of liability. Geter, 849 F.2d at 1552. Absolute immunity is immunity from suit rather than from liability. Elliot v. Perez, 751 F.2d 1472 (5th Cir. 1985). The Fifth Circuit "has likewise accepted the premise that the protected official should be sheltered from trial and pre-trial preparation as well as liability." Id. at 1478.

The conduct challenged unequivocally falls within the authority of the district attorney and assistant district attorneys, as quasi-judicial officers of the court and in the ordinary exercise of their quasi-judicial duties. Accordingly, Plaintiff's civil rights

complaint against District Attorney Charles Rex Scott and Assistant District Attorneys Brady and Amanda for monetary damages should be dismissed as frivolous.

**Judge John D. Mosely, Jr.**

It is well established that judges enjoy absolute immunity from liability for damages arising out of performance of their judicial duties, regardless of bad faith. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213 (1967); Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978). Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge. Brewster v. Blackwell, 692 F.2d 387, 396-97 (5th Cir. 1982). The conduct challenged by Plaintiff unequivocally falls within the judge's authority as judicial officer of the court and in the ordinary exercise of judicial duties.

Accordingly, Plaintiff's civil rights claim for monetary damages against Judge Mosely should be dismissed as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis, if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an in forma pauperis (IFP) proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in

fact. <u>Hicks v. Garner</u>, 69 F.3d 22 (5th Cir. 1995); <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993); <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims for monetary damages be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 22nd day of December 2014.

_____
Mark L. Hornsby
U.S. Magistrate Judge